UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN CURTIS RICE,

                     Plaintiff,

- against -

MOGULDOM MEDIA GROUP LLC

                     Defendant.

Docket No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff John Curtis Rice ("Rice" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Moguldom Media Group LLC ("Moguldom" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and or/alteration of copyright management information under Section 1202(b) of the Digital Millennium Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of a Nayla Kidd owned and registered by Rice, a New York City based photojournalist. Accordingly, Rice seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Rice is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 777 Kappock Street, Bronx, New York 10463.  Rice's photographs have appeared in many publications around the United States.

6.      Upon information and belief, Moguldom is a corporation duly organized and existing under the laws of the State of New York, with a place of business at 171 Madison Avenue, Suite 1500, New York, New York 10016. Upon information and belief, Moguldom is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Moguldom has owned and operated a website at the URL: www.madamenoire.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7.      On or about May 14, 2016, Nayla Kidd, an engineering student at Columbia University went missing. Her disappearance went viral with police on a manhunt to find her. Nayla skipped her college exams, changed her bank account, got another phone number, and deleted her Facebook account. About two weeks later Nayla was found healthy. She started that she needed a break from her high pressured Ivy League education and wanted a fresh start. The story was not only heavy covered by the press in New York but it was also covered nationally around the United States.

8. On or about May 29, 2016, Rice photographed Nayla Kidd next to one of her missing students posters (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

9. Rice then licensed the Photograph to the New York Post. On May 29, 2016, the New York Post ran an article that feature the Photograph on its web edition entitled *Why I Had to escape my Ivy League life and disappear.* Rice's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the web edition of the article is attached here to as Exhibit C.

10. Rice is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-006-861.

### B. Defendant's Infringing Activities

12. Upon information and belief, on or about June 2, 2016, ran an article on the Website entitled *Nayla Kidd and Why Doing "Crazy" Things Doesn't Mean You Have a Mental Illness.* See http://madamenoire.com/699720/crazy-things-doesnt-mean-mental-illness/. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

13. Moguldom did not license the Photograph from Plaintiff for its article, nor did Moguldom have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST MOGULDOM)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Moguldom infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Moguldom is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Moguldom have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST MOGULDOM
## (17 U.S.C. § 1202)

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photographs were published in an article in The New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

24. Upon information and belief, in its article on the Website, Moguldom intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of one of the Photographs.

25. The conduct of Moguldom violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Moguldom's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Moguldom intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Moguldom also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

28. As a result of the wrongful conduct of Moguldom as alleged herein, Plaintiff is entitled to recover from Moguldom the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Moguldom because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29.     Alternatively, Plaintiff may elect to recover from Moguldom statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.  That Defendant Moguldom be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.  The Defendant Moguldom be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.  Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.  That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5.  That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6.  That Plaintiff be awarded pre-judgment interest; and

7.  Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York

October 10, 2016

                        LIEBOWITZ LAW FIRM, PLLC

                        By: <u>/s/Richard Liebowitz</u>
                            Richard P. Liebowitz
                        11 Sunrise Plaza, Suite 305
                        Valley Stream, NY 11580
                        Tel: (516) 233-1660
                        RL@LiebowitzLawFirm.com

                        *Attorneys for Plaintiff John Curtis Rice*